

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

February 23, 2022

**VIA CM/ECF**
Hon. Joanna Seybert, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza E,
Brooklyn, New York 11201

    **Re:**   *Martinez v. MPM Enterprises, Inc., et al.*, No: 1:20-cv-4965(JS)(JMW)

Dear Judge Seybert,

   We represent the Plaintiffs in the above referenced matter. We write to respectfully request judicial approval of the Parties' settlement agreement attached hereto as **Exhibit ("Ex.") A**. The agreement resolves the claims of Plaintiffs Claudio Martinez, Lorenzo Perez, and Jhonny Blanco Liz (collectively "Plaintiffs") for the total amount of $55,000.00. As part of this motion, Plaintiffs will request 1/3 in attorney's fees ($18,333.33) plus costs ($725.12) from the total settlement amount. For the reasons outlined below, the Court should approve the settlement as a fair and reasonable compromise of Plaintiffs' claims against Defendants.

<h2 style="text-align:center;">BACKGROUND & PROCEDURAL HISTORY</h2>

   Fitapelli & Schaffer, LLP ("F&S") was retained by Plaintiffs who worked as hourly grocery store employees at Defendants' chain of upscale grocery stores in New York City. Plaintiffs had worked at multiple locations of Union Market stores, including those located at 754-756 Union St, Brooklyn, New York 11215 and at 240 E Houston St, New York, New York 10002. On November 27, 2019, F&S sent a pre-suit demand letter on behalf of Plaintiffs to Defendants advising them of claims of various wage and hour violations and inviting a pre-litigation response. Defendants did not respond to this letter, so F&S made a second attempt on January 3, 2020. After receiving no answer to multiple attempts for pre-litigation discussions with Defendants, Plaintiffs filed this action on October 15, 2020. *See* ECF No. 1.

   Plaintiffs alleged that Defendants violated the minimum wage and overtime requirements of the FLSA and NYLL because they failed to pay Plaintiffs proper minimum and overtime wages for hours worked. Plaintiffs alleged that Defendants further violated the NYLL by failing to pay manual workers on a weekly basis and by failing to pay hourly employees spread of hours pay. Finally, all Plaintiffs alleged claims for statutory penalties under the WTPA for improper wage notices and wage statements and statutory penalties under the New York City Fair Workweek Law for failure to give employees adequate notice of scheduled shifts and schedule changes.

Fitapelli & Schaffer, LLP
February 23, 2022
Page 2 of 5

Defendants filed an answer denying all liability. *See* ECF Nos. 38. Parties engaged in both formal and informal discovery. Specifically, F&S provided written discovery responses for the three Plaintiffs. Defendants likewise provided over 400 pages of documents, including payroll records and time records for the Plaintiffs. The Parties participated in a settlement conference before Magistrate Judge Steven Tiscione on April 27, 2021, but were unable to reach a disposition at that time. After further discussions and negotiations between counsel, the Parties were able to reach a settlement in principle on or around December 1, 2021.

## THE SETTLEMENT SHOULD BE APPROVED

Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *See* 796 F.3d 199, 206 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Mosquera v. Masada Auto Sales, Ltd.*, No. 09 Civ. 4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Matheis v. NYPS, LLC*, No. 13 Civ. 6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 WL 502131, at *4 (S.D.N.Y. Feb. 8, 2019); *See also Jun Cui v. O2 Korean BBQ*, No. 19 Civ 2794, 2020 WL 7034369, at *4 (E.D.N.Y. Feb. 11, 2020) (evaluating a proposed settlement according to the factors outlined in *Wolinsky*).

The court in *Wolinsky* set forth the following criteria for determining whether a proposed settlement is fair and reasonable: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky*, 900 F. Supp. 2d at 335. Based on the above criteria, the proposed settlement, which provides for the payment of $102,000.00 to the Plaintiffs was achieved after hard fought and arm's-length negotiations between experienced counsel.  Therefore, the settlement is fair and should be approved.

### <u>Factor 1: The Range of Recovery</u>

The first factor weighs in favor of approval. Based on estimated damages calculations, nearly all of Plaintiffs' estimated damages were attributable to the claims for failure to pay timely wages, failure to pay spread of hours, and WTPA damages. Plaintiffs' range of possible recovery was between $0 and $205,992.39 – representing NYLL Section 191 damages ($176,945.64), Spread of Hours damages ($4,046.75), WTPA notice penalties ($10,000.00), and WTPA wage statement penalties ($15,000.00). Defendants have generally argued that there is no private right of action under NYLL Section 191. If the Court were to agree with Defendants' arguments, Plaintiffs stand to recover nothing from this action. Based on the litigation risks discussed below, the total settlement of $55,000.00 is a fair and reasonable result.

Fitapelli & Schaffer, LLP
February 23, 2022
Page 3 of 5

### Factors 2 & 3: Avoiding Burdens & Litigation Risk

The second and third factors also favor approval. If the Parties were to continue litigation, the Parties would need to conduct full discovery, including depositions of all parties, including corporate representatives for Defendants and likely of all three Plaintiffs. Further, if the parties were to continue litigation, Plaintiffs would seek to pursue their claims on a collective and class wide basis, which Defendants would likely oppose, all of which would lead to further legal briefings and significantly adding to the cost of the litigation. As such, further litigation would require significant time and expense for both parties.

In addition, both sides face serious litigation risks relating to damages and liability. Defendants have thus far vigorously denied liability. While Plaintiffs are confident in the merits of their claims, many claims, such as their claims for unpaid hours due to working off the clock and for statutory penalties due to lack of schedule notice, are highly factual questions that would require significant discovery. Even the WTPA claims would require further examination. Unlike in many wage and hour cases, Defendants did provide Plaintiffs with wage statements, which the Court could find compliant under the NYLL.

In addition to risk on the merits, the Parties also faced additional complications in both prosecuting and defending this action due to the ongoing COVID-19 pandemic. COVID-19 has without question significantly affected the general economy and the service industry, Defendants' stores included, due to past shutdowns, reductions of services, and now, continued health and safety regulations that can Defendants' business. Given the uncertainty that lies ahead, it would be imprudent to not consider the additional complications caused by COVID-19 in both the near- and long-term. As a result, the Settlement Agreement takes into account this additional risk created by the COVID-19 Pandemic.

### Factors 4 & 5: Arm's Length Negotiation & Experience

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel have negotiated at arm's length, as evidenced from the length of the negotiation and litigation process, and both Parties' counsel have significant experience handling wage and hour claims. *See* **Ex. B**, F&S Qualifications. Defendants' Counsel is also experienced in handling wage and hour matters.

In addition, there is no evidence of fraud or collusion, as the Settlement amount represents a reasonable percentage of Plaintiffs' potential recovery and was obtained after months of arms-length negotiations between experienced counsel. Moreover, all Plaintiffs have signed the Settlement Agreement, which specifies their individual allocations after attorneys' fees and costs.

### No Red-Flag Issues Are Present In This Settlement

The red-flag issues identified in *Cheeks* are not present here. First, the agreement does not have a confidentiality clause or any other provision offending fairness. Moreover, Defendants have agreed to a neutral reference, further indicating the fairness of this overall settlement. All Plaintiffs

Fitapelli & Schaffer, LLP
February 23, 2022
Page 4 of 5

and Defendants have had ample opportunity to review the proposed agreement, propose and negotiate changes, and have thoroughly reviewed all provisions before freely agreeing to the terms of the Settlement Agreement.

Finally, as will be discussed below, F&S' requested attorneys' fees are not excessive. As a result, Plaintiffs respectfully request that the Court find that the settlement agreement is a "fair and reasonable" compromise of their claims against Defendants and approve the settlement.

**THE COURT SHOULD APPROVE THE REQUESTED
ATTORNEYS' FEES AND COSTS**

In accordance with Plaintiffs' professional services-contingency fee agreement with Plaintiffs' Counsel and the Consent to Join forms signed by Plaintiffs, the Agreement provides that Plaintiffs' Counsel will recover $19,058.45, equaling one-third of the settlement ($18,333.33) plus costs ($725.12). The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiffs in their retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with this representation. Plaintiffs' Counsel has worked without any compensation to date, and Plaintiffs' Counsel's fee has been wholly contingent upon the result achieved. Courts in this district routinely award approve attorneys' fees of one-third in FLSA cases. *See, e.g.*, *Calle v. Elite Specialty Coatings, Inc.*, No. 12 CV 6126, 2014 WL 6621081 (E.D.N.Y. Nov. 19, 2014); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 CV 3234, 2013 WL 5308277 (E.D.N.Y. Sept. 19, 2013) ("noting that 'this fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.'").

Through the date of this filing, Plaintiffs' counsel has spent approximately 61.80 hours, including 51.65 attorney hours, litigating and settling this action. These hours were compiled from contemporaneous time records maintained by each attorney participating in the case and are reasonable for a case that has required ample review of records.[1] Since November 2014, all of Plaintiffs' counsel's cases have been taken on pure contingency, including all out-of-pocket costs and expenses. Thus, when Plaintiffs' counsel's lawyers spend time on contingency matters, they do so at a significant risk for the firm. For example, in *Rios et al. v. Louya Corp. d/b/a Jacques Brasserie et al.*, No. 14 Civ. 6800 (GHW) (S.D.N.Y.), Plaintiffs' counsel obtained a verdict of $1,044,512.62 after a five-day trial. However, due to the defendants' bankruptcy filings, the plaintiffs and our firm have recovered less than two percent (2%) of the damages and attorneys' fees and costs awarded to them by the court. This highlights the risks associated with wage and hour matters and illustrates that Plaintiffs' counsel stood to gain nothing in the event the case was unsuccessful. Moreover, in Plaintiffs' Counsel's experience, wage and hour cases are inherently high-disk due to often unexpected closings and collection issues. Further illustrating the risks, three New York businesses that Plaintiffs' Counsel sued for wage issues have closed– Artisanal Bistro, Koi-Soho, and Petrossian. This highlights the risks associated with wage and hour matters and illustrates that Plaintiffs' Counsel stood to gain nothing in the event the case was unsuccessful.

---

[1] Contemporaneous time records can be made available to the Court upon request.

Fitapelli & Schaffer, LLP
February 23, 2022
Page 5 of 5

As such, in reviewing Plaintiffs' Counsel's fees in this matter and the risks involved, it is clear that they are both fair and reasonable.  Moreover, under the "lodestar" method, the Court "scrutinizes the fee petition to ascertain the number of hours reasonably billed to the [plaintiff] and then multiplies that figure by an appropriate hourly rate." *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). Even under the "lodestar" method, Plaintiffs' Counsel's one-third fee award is more than reasonable, as they currently have a lodestar multiplier of approximately 0.88, based on fees of $20,762.50. *See Castagna v. Madison Square Garden, L.P.*, Case No. 09 Civ. 10211 (LTS) (HP), 2011 WL 2208614, at *10 (quoting *In re Telik*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multiples of over 4 are routinely awarded by courts . . .").

Lastly, Plaintiffs' counsel expended $725.12 in litigation costs and expenses. *See* **Ex. B.** These costs are primarily comprised of the filing fees ($400.00) and process server fees ($215.00), along with additional mailing and administrative costs. These costs are commonly reimbursed by courts in this District. *See, e.g., Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, No. 15 Civ. 5737, 2017 WL 5564892, at *3 (E.D.N.Y. Nov. 3, 2017) (holding that court filing fees, process servers, transcripts, travel, and other litigation costs are generally recoverable if they are necessary for the representation of the client), report and recommendation adopted, 2017 WL 5564593 (E.D.N.Y. Nov. 18, 2017). As such, Plaintiff's Counsels' attorneys' fees are fair and reasonable and should be approved by the court.

*     *     *

For the above reasons Plaintiffs respectfully requests that the Court approve the attached Settlement Agreement.

We thank the Court for its time and consideration.

Respectfully submitted,

Brian S. Schaffer

CC:   Defendants' Counsel (via ECF)